```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      BLUEFIELD DIVISION
```

1STARR DALTON,

    Petitioner,

v.                               Civil Action No. 1:07-0074

THOMAS MCBRIDE,

    Respondent.

## MEMORANDUM OPINION

      Pending before the court is petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. Nos. 1, 2) and Application to Proceed in Forma Pauperis (Doc. No. 3). By standing order filed in this case on February 2, 2007, this matter was referred to Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 5.) Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation ("PF & R") on March 30, 2007, and recommended that this court dismiss the instant petition as untimely, deny petitioner's Application to Proceed in Forma Pauperis, and remove this matter from the court's active docket. (Doc. No. 6.)

      In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's PF & R. Pursuant to § 636(b)(1)(C), the court need not conduct a *de novo*

review of the PF & R when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Petitioner submitted his timely objections on April 11, 2007.  (Doc. No. 8.) Some of the objections petitioner sets forth in his nine-page filing are of the general and conclusory sort contemplated by the Orpiano court.  (See, e.g., Doc. No. 8 at 1-3, 9.)  However, because petitioner has stated a valid objection to the basis on which the magistrate judge recommended dismissal, i.e. the timeliness of the petition, the court has conducted a *de novo* review as to that issue.

## I.  Background

Petitioner is in state custody following his plea in April 1999 to non-aggravated robbery.  (Doc. No. 6 at 2.)  On May 24, 1999, the Circuit Court of McDowell County sentenced him to a definite term of eight years imprisonment.  (Id.)  Subsequently, on June 12, 2002, the circuit court discovered that the sentence imposed did not comply with West Virginia Code Section 61-2-12(b), which requires an indeterminate term of five to eighteen years for petitioner's offense of conviction.  (Id.)  After notifying the parties of the error, the circuit court resentenced petitioner to an indeterminate term of five to eighteen years,

which petitioner did not appeal. (Id. at 3.) Thereafter, petitioner filed numerous post-conviction motions for relief, as set forth below.

## II. Analysis

The magistrate judge found that petitioner filed his first petition for writ of habeas corpus in the Circuit Court of McDowell County on September 13, 2004, and that it was dismissed on December 21, 2004. (Id.) Magistrate Judge VanDervort further found that petitioner filed his second petition on January 11, 2006, in the Circuit Court of Fayette County, which transferred the petition to McDowell County for disposition later that month. (Id.) The McDowell County Circuit Court dismissed the petition on August 11, 2006. (Id.) Petitioner then filed the instant petition on February 2, 2007, asserting that the McDowell County Circuit Court's alleged refusal to provide him with transcripts until July 2005 prevented him from filing his petition earlier. (Id. at 4.) Magistrate Judge VanDervort concluded that, assuming that the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1)[1] ran from October 13, 2002, when petitioner's time

---

[1] 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the

to appeal his resentencing expired, the instant petition is untimely even taking into account the statute's tolling provisions; petitioner did not file his first state habeas petition until September 13, 2004, eleven months after the expiration of the § 2244(d)(1) limitation period.  (Doc. No. 6 at 6.)

    Petitioner argues that his state filings are sufficient to toll the statute of limitations, and sets forth a complete procedural history of his filings.  (Doc. No. 8 at 3-6.)  He states that he filed an application for post-conviction relief relating to his resentencing with the West Virginia Supreme Court on September 11, 2002, and was informed on April 25, 2003, that it had been denied.  (<u>Id.</u> at 3-4.)  On June 18, 2003, he filed a

---

          conclusion of direct review or the expiration of the time for seeking such review;
          (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
          (C) the date on which the constitution right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
          (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

petition for mandamus relief, which was dismissed by the state Supreme Court on October 30, 2003.  (Id. at 4.)  Subsequently, on March 29, 2004, he filed a motion in the state Supreme Court for appointment of counsel.  (Id.)  He then filed an additional petition for a writ of mandamus in the Circuit Court of McDowell County on June 9, 2004.  (Id.)  In addition to the two state habeas petitions mentioned above, petitioner states that he again sought mandamus relief in April 2005 from both the McDowell County Circuit Court and the state Supreme Court.  (Id. at 4-5.)

These state filings, however, are nonetheless insufficient to render petitioner's current petition timely under § 2244(d).  As stated above, the one-year period of limitation contained in that statute is tolled during any time in which a properly filed application for post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  Although the phrase "State post-conviction or other collateral review" is not defined in the statute, the Fourth Circuit Court of Appeals has made clear that the tolling provision applies only to state collateral, post-conviction review, not simply to any type of review following conviction.  Walkowiak v. Haines, 272 F.3d 234, 236-37 (4th Cir. 2001).  Moreover, a "collateral" proceeding typically entails "a challenge to the legality of the earlier proceeding or judgment."  Id. at 238.  For this reason, a

-5-

petition for a writ of mandamus, the purpose of which is to compel a public officer to discharge a nondiscretionary duty, State ex rel. Kanawha County Bldg. Comm'n v. Paterno, 233 S.E.2d 332 (W. Va. 1977), does not generally qualify as a collateral proceeding under § 2244(d)(2). This is true even where the purpose of the petition for mandamus relief is to compel the court to issue a ruling in a collateral proceeding. Moore v. Cain, 298 F.3d 361, 367 (5th Cir. 2002)(holding that mandamus petition to compel Louisiana court to rule on habeas petition did not constitute collateral proceeding sufficient to toll statute of limitations under 28 U.S.C. § 2244(d)(2)). Similarly, "there is no federal precedent for treating a motion for appointment of counsel as a properly filed application for postconviction [sic] relief." Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002). As such, petitioner's state filings are insufficient to toll the § 2244(d) statute of limitations.

Petitioner further urges the court to apply the equitable tolling doctrine recognized in Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), based on his contention that the state prevented him from filing in a timely manner by failing to provide him transcripts until July 2005, and by providing him only limited access to a law library. (Doc. No. 8 at 6-8.) As the magistrate judge observed, a delay in obtaining transcripts generally does

not warrant equitable tolling. (Doc. No. 6 at 7 (citing Lloyd v. Vannatta, 296 F.3d 630 (7th Cir. 2002); Donovan v. Maine, 276 F.3d 87, 93-94 (1st Cir. 2002); Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001).) Moreover, Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires only that a petitioner state his grounds for relief and the factual basis for those grounds. Accordingly, some limitations on a prisoner's access to a law library should not prevent him from timely submitting his petition for habeas relief.

As the Harris court made clear,

> invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330. Under this standard, the court must decline to apply the doctrine of equitable tolling.

### III. Conclusion

Because petitioner has not demonstrated that his petition is timely filed, in an accompanying judgment order the court **DISMISSES** petitioner's Petition Under 28 U.S.C. § 2254 for Writ

-7-

of Habeas Corpus (Doc. Nos. 1, 2) and **DENIES** his Application to Proceed in Forma Pauperis (Doc. No. 3).  The court further **ADOPTS** the findings and conclusions contained in Magistrate Judge VanDervort's Proposed Findings and Recommendation (Doc. No. 6), **OVERRULES** petitioner's objections thereto (Doc. No. 8), and **DIRECTS** the Clerk to remove this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion to all counsel of record and petitioner, pro se.

**IT IS SO ORDERED** this 9th day of July, 2007.

> ENTER:
>
> David A. Faber
> Chief Judge